**Kenneth F. KRAUS, M.D.,**
**Plaintiff—Appellant,**

v.

**PAUL REVERE INSURANCE**
**GROUP; et al., Defendants—**
**Appellees.**

No. 03–56159.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2005.*

Decided April 21, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Robert K. Scott, Esq., Law Offices of Robert K. Scott, Irvine, CA, Thomas B. Ackland, Enq., Barger & Wolen LLP, Los Angeles, CA, for Defendants–Appellees.

Before: KLEINFELD, WARDLAW, Circuit Judges, and COLLINS,** District Judge.

## MEMORANDUM ***

As we read California law in *Guebara v. Allstate Insurance Co.*, the plaintiff has to show two things to establish a breach of the implied covenant of good faith and fair dealing: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause.[1] The California Court of Appeal puts the question as "whether the refusal to pay policy benefits was unreasonable."[2] Where there is a refusal to pay benefits, it is still incumbent upon the insured to show "that the insurer acted *unreasonably* or *without proper cause*."[3] "[W]here there is a *genuine issue* as to the insurer's liability under the policy for the claim asserted by the insured, there can be no bad faith liability imposed on the insurer for advancing its side of that dispute."[4] This is so whether

Douglas K. Devries, Esq., Devries Law Firm, Sacramento, CA, for Plaintiff–Appellant.

Fed. R.App. P. 34(a)(2).

** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.2001).

2. *Morris v. Paul Revere Life Ins. Co.*, 109 Cal. App.4th 966, 135 Cal.Rptr.2d 718, 723 (2003).

3. *Chateau Chamberay v. Associated Int'l Ins. Co.*, 90 Cal.App.4th 335, 108 Cal.Rptr.2d 776, 784 (2001) (emphasis in original).

4. *Id.* (emphasis in original).

the dispute is about legal issues or factual issues.[5]

Though Dr. Kraus was entitled to, and was awarded, benefits under his insurance contract, the district court correctly granted summary judgment against his claim for punitive damages based on bad faith. Dr. Kraus failed to establish either element of his claim—nonpayment or unreasonableness. He got all the money that he would get if his position were correct, even while the insurer was contesting his claim. There was no effort by the insurance company to starve him into submission.

Also, the insurance company had proper cause and acted reasonably, even though erroneously, in taking the position that Dr. Kraus's inability to perform surgery was due to his degenerative joint disease rather than the injury from his fall. Medical reports had established that Dr. Kraus had obtained medical attention because his degenerative joint disease was causing difficulty performing surgery prior to his fall.

AFFIRMED.